ON PETITION FOR REHEARING

UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 02-7521

GARVEY EUGENE PRUITT,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-5-V, CA-02-94-5-1-V)

Submitted: April 16, 2003

Decided: May 2, 2003

Before WILKINS, Chief Judge, and MICHAEL and
SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Garvey Eugene Pruitt, Appellant Pro Se. Robert Jack Higdon, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Garvey Eugene Pruitt pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. § 846 (2000). Pruitt was sentenced to eighty-seven months imprisonment. Pruitt did not appeal his conviction or his sentence.

In August 2000, Pruitt moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (2000), alleging his guilty plea was involuntary and he received ineffective assistance of counsel. Both claims related to the enhancement of his sentence for possession of a weapon under *U. S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). The district court denied this motion. In his appeal of that denial, Pruitt raised five issues for the first time on appeal. To the extent he appealed the dismissal of his ineffective assistance of counsel claim, Pruitt asserted a jury would not have found him guilty of weapons possession.

In an opinion issued on February 12, 2003, we considered the merits of Pruitt's claims. We determined that those claims did not merit relief and accordingly denied a certificate of appealability and dismissed Pruitt's appeal. Pruitt petitioned for panel rehearing, asserting that we incorrectly analyzed the underlying merits of his claims rather than determining whether he was entitled to the requested certificate of appealability as addressed by *Miller-El v. Cockrell*, ___ U.S. ___, 123 S. Ct. 1029 (2003). Upon consideration of Pruitt's petition, we grant panel rehearing.

To be entitled to a certificate of appealability, Pruitt must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon examination of Pruitt's appeal, we conclude that Pruitt has failed to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*